## Clotilde Machelli, Appellee, v. Silvester Torrelli, Appellant.

### Gen. No. 5,967. (Not to be reported in full.)

Appeal from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 27, 1914.

### Statement of the Case.

Replevin by Clotilde Machelli against Silvester Torrelli to recover the possession of a horse. Plaintiff's husband had traded the horse to defendant for another. From a judgment on a verdict in favor of the plaintiff, defendant appeals.

It was contended that plaintiff's testimony, that she obtained the money from her deceased father's estate with which she purchased the horse, was unreasonable, inconsistent with itself and should be disregarded, and that she probably obtained the money from her husband who earned wages as a laboring man.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WALTER A. PANNECK, for appellant.

WATTS A. &. CAREY R. JOHNSON, for appellee.

MR. PRESIDING JUSTICE CARNES delivered the opinion of the court.

## Abstract of the Decision.

1. REPLEVIN, § 40*—*what constitutes demand and refusal of property.* Where a claimant told one in possession of a horse that she was going to the pasture and take the horse, and he answered if she did it would cost her dear, the conversation amounted to a demand and refusal upon which a replevin action might be based.

2. APPEAL AND ERROR, § 481*—*when rulings on motion for peremptory instructions not preserved for review.* Where the trial court refuses defendant's motion for a peremptory instruction at the close of plaintiff's evidence, and again at the close of all the evidence, defendant waives the first error by introducing evidence in defense after the overruling of his motion, and as he did not tender the written instruction asked at either time, he cannot raise the question on appeal.

3. REPLEVIN, § 124*—*insufficiency of evidence for directed verdict.* In an action of replevin, evidence *held* insufficient to require a. directed verdict for defendant even if properly made.

4. NEW TRIAL, § 127*—*necessity for weighing evidence.* In passing on a motion for a new trial a court is required to weigh the evidence, although not so required in passing upon a motion for a directed verdict..

5. REPLEVIN, § 124*—*sufficiency of evidence.* In a replevin suit, evidence *held* sufficient to support the verdict of right of property in plaintiff.

6. ESTOPPEL, § 50*—*evidence insufficient to show ratification.* Where the evidence was conflicting as to where and how plaintiff learned of her husband's trading a horse, *held* insufficient to show ratification of the transaction.

7. REPLEVIN, § 147*—*effect of omission of elements in instructions.* Where at the instance of defendant the jury were instructed that the only question involved in the case was whether or not at the time plaintiff's husband and the defendant traded or exchanged horses—the plaintiff in the case was the owner and was entitled to the possession of the horse in controversy, and that the burden of proof was on her to establish that fact, he was not ·in a posi-

---

tion to complain that the jury ignored or mistook other questions of fact, such as demand before the replevin action was instituted or ratification of the trade after it was made.

8. REPLEVIN, § 126*—*sufficiency of evidence to show demand.* In an action of replevin of a horse, evidence *held* to show a demand for the property and a refusal by the defendant to deliver before institution of suit.